ACCEPTED
03-14-00379-CR
3840817
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/21/2015 10:52:55 AM
JEFFREY D. KYLE
CLERK

## NO.  03-14-00379-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/21/2015 10:52:55 AM

JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT
## AT AUSTIN, TEXAS

**WILLIAM EVERETTE RAZOR,**
Appellant

**vs.**

**THE STATE OF TEXAS,**
Appellee

**Appeal from the 27th Judicial District Court**
**Cause No. 70,483**
**Bell County, Texas**
**The Honorable John Gauntt, Judge Presiding**

## APPELLANT'S BRIEF

**Gary E. Prust**
**State Bar No. 24056166**
**1607 Nueces Street**
**Austin, Texas  78701**
**(512) 469-0092**
**Fax:  (512) 469-9102**
**gary@prustlaw.com**
**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT IS NOT REQUESTED**

## IDENTITY OF THE PARTIES

**APPELLANT:**
William Everette Razor
TDCJ #01884586
Bartlett State Jail
1018 Arnold Dr.
Bartlett, TX 76511

**TRIAL COUNSEL FOR APPELLANT:**
Mr. Tim C. Mahler
Law Office of Tim C. Mahler
PO Box 266
Belton, TX 76513

**APPELLATE COUNSEL FOR APPELLANT:**
Gary E. Prust
Law Office of Gary E. Prust
1607 Nueces St.
Austin, TX 78701

**TRIAL COUNSEL FOR APPELLEE:**
Edward C. Vallejo
Stephanie Newell
Bell County District Attorney's Office
1201 Huey Rd
PO Box 540
Belton, Texas 76513

**APPELLATE COUNSEL FOR APPELLEE:**
Bob Odom
Bell County District Attorney's Office
1201 Huey Rd
PO Box 540
Belton, Texas 76513

# TABLE OF CONTENTS

Identity of the Parties …………………………………………………………ii

Table of Contents …………………………………………………………… iii

Table of Authorities …………………………………………………………. iv

Statement of the Case …………………………………………………………1

Issue Presented ……………………………………………………………… 1

Statement of the Facts ……………………………………………………… 1

Summary of Possible Arguable Issues ……………………………………… 4

Prayer …………………………………………………………………………5

Certificate of Service ………………………………………………………… 6

Certificate of Compliance …………………………………………………….6

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>:

*Anders v. California*,
        386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 ………………………………1

*Benson v. Ohio*,
        488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978 ……………….…… 1

*High v. State*,
        573 S.W.2d 807 (Tex. Crim. App. 1978) (no issues presented for review)…1

*Tucker v. State*,
        No. 05-01-01899-CR (Tex. App. – Dallas Oct. 30, 2002, no pet.) (not
        designated for publication) …………………………………………………5

*Williams v. State*,
        No. 06-10-00156-CR (Tex. App. – Texarkana Mar. 9, 2011, no pet.) (mem.
        op., not designated for publication) ………………………………………5

*Winfrey v. State*
        393 S.W.3d 763 (Tex. Crim. App. 2013) …………………………………. 4

<u>Statutes</u>:

United States Constitution
        Amendment VIII ……………………………………………………………5

## STATEMENT OF THE CASE

Appellant was indicted for aggravated assault with a deadly weapon, a second degree felony. He pleaded not guilty and proceeded to trial by jury. The jury convicted Appellant, and the same jury assessed his punishment at 13 years' confinement. Appellant then timely filed a Notice of Appeal.

## ISSUE PRESENTED

**Because this brief is being filed in accordance of the dictates of *Anders vs. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492; *Benson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978; and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), no issues are presented for review. A summary of facts and a discussion of potentially arguable issues will be presented to justify the conclusion of Appellant's attorney that there are no arguable appeal issues and therefore this appeal is frivolous.**

## STATEMENT OF FACTS

Appellant was indicted for aggravated assault with a deadly weapon. There were only a few pretrial hearings: Defense motion to raise bond, Aug. 28, 2013; State's motion for continuance, Apr. 3, 2014; and a Defense motion to withdraw as counsel, May 6, 2014. A jury was selected May 5, 2014 and trial commenced the following day.

On May 28, 2012, Jessica Stone walked to the corner store at about 3:30 am

1

to buy a pack of cigarettes. A car described as a green-ish Chrysler 300 approached and offered her a ride to the store. The male from the vehicle went into the store and bought a pack of Newport brand cigarettes for Ms. Stone. She described the male as African American, tall, slim, and with gaps between his teeth. After that, he offered her money for sex, to which she agreed.

The duo drove until they found an empty apartment complex. They entered one room which was in a state of disrepair with a water heater on the ground and broken glass on the floor. Ms. Stone handed the male condom, and they began to engage in intercourse. The male was unable to maintain an erection. Ms. Stone then asked to get a cigarette out of his car. After a brief argument, he told her they would just leave.

As they prepared to go, the male demanded his money back from Ms. Stone and struck her in the face four or five times. She remembers him pushing her into a closet and her blood flying after being struck in the face. She was screaming "rape" during the assault. The male then took all the money from her and told her that if she followed him, he would shoot her.

Elizabeth Contreras lived across the street, heard the screaming, and went over to investigate. She found Ms. Stone. She took care of Ms. Stone immediately following the assault, and Ms. Contreras' brother then brought Ms. Stone to her home. There, Doctor Omar Gonzales treated her. He testified Ms. Stone presented

with moderate swelling and tenderness on the lower face, a black eye, swelling around the nose, and a facture in her lower jaw. She was unable to close her jaw properly upon admission to the hospital. Ms. Stone was placed in surgery the next day to correct the alignment of the jaw, which required removing two molars. In the surgery, they did not wire her jaw completely shut. Rather, they left a small opening by which she could ingest liquid food. This was necessary because Ms. Stone was twenty weeks pregnant at the time of the assault. The wires were removed toward the end of July 2012. At the time of testimony, about two years later, Ms. Stone still had no feeling on the outside of the left of her face and no feeling in her teeth. She also felt some discomfort when chewing, two years after the assault.

The police were eventually notified and Ms. Stone came into the police station for an interview on June 7, 2012. The police found surveillance video from the convenience store the night of the assault, blood stains on the wall of the apartment described by Ms. Stone, and a condom wrapper in that apartment. On the recovered video, police located at about 3 am on the date of the assault, a male matching the description provided by Ms. Stone buying a pack of Newport cigarettes and driving a light green car. Ms. Stone was unable to pick out Mr. Razor from a six-person photo lineup.

A DNA analysis was later performed on the condom retrieved from the

scene of the assault. The analysis revealed there was a one in 719.1 sextillion for black people probability that someone not Mr. Razor provided the DNA sample found on the condom.

Appellant requested a charge for the lesser-included offense of assault causing bodily injury, which was denied. After argument and deliberation, the jury found Appellant guilty. The same jury heard punishment evidence about Appellant's criminal history. They also heard from law enforcement about his bad character for being a truthful and law-abiding citizen. The jury also heard from another prostitute Appellant had assaulted. After deliberation, the jury assessed his punishment at 13 years' confinement in the Texas Department of Criminal Justice. This appeal follows.

## SUMMARY OF POSSIBLE ARGUABLE ISSUES

An arguable issue Appellant may have is that the evidence of the serious bodily injury alleged is insufficient to meet the legal definition. The legal standard in a sufficiency review is whether a rational trier of fact could have found the defendant guilty of all the element of the offense beyond a reasonable doubt, when the evidence is considered in the light most favorable to the verdict. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). The argument Appellant could make is that merely having

4

one's jaw wired does not result in the prolonged loss of use of a bodily function or organ. However, this issue has been addressed in at least two other unpublished opinions in two other district courts of appeal. *Tucker v. State*, No. 05-01-01899-CR (Tex. App. – Dallas Oct. 30, 2002, no pet.) (not designated for publication) (evidence of a fractured jaw, restriction to a liquid diet, and pain following the assault is sufficient for finding serious bodily injury); *Williams v. State*, No. 06-10-00156-CR (Tex. App. – Texarkana Mar. 9, 2011, no pet.) (mem. op., not designated for publication) (finding serious bodily injury is supported by evidence a person's jaw was fractured and wired shut, he was limited to a liquid diet for four to five months, and was still unable to eat hard foods a year after the assault).

The second arguable issue appellant may have is that the sentence imposed by the trial court is so high, given all mitigating circumstances in Appellant's life, the sentence violates the United States Constitution's provision against cruel and unusual punishment. UNITED STATES CONST., amend. VIII. However, because the punishment assessed is within the range of punishment established by the legislature, this argument will fail.

## PRAYER

For all of the foregoing reasons, Appellant's attorney, Gary E. Prust, respectfully prays that this Honorable Court grant his Motion to Withdraw submitted with this brief. Appellant's attorney sent a letter to Appellant advising

him of the consequences of filing an *Anders* brief, informing of him of counsel's request to withdraw, and providing him with a form motion so that is Appellant wishes to pursue an appeal *pro se*, he may obtain a copy of the Appellate record.

Respectfully submitted,

/s/ Gary Prust

Gary E. Prust
State Bar No. 24056166
1607 Nueces St.
Austin, Texas 78701
(512)469-0092
Fax (512)469-9102
gary@prustlaw.com
Attorney for William Everette Razor

## CERTIFICATE OF SERVICE

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Motion was served upon Bob Odom via electronic service with efile.texas.gov on this the 20th day of January, 2015.

/s/ Gary Prust
Gary E. Prust

## CERTIFICATE OF COMPLIANCE

I hereby certify Appellant's Brief contains only 1,100 words and is in compliance with Tex. R. App. Proc. 9.4(2)(B).

/s/ Gary Prust
Gary E. Prust

## CASE NO. 03-14-00379-CR

## THE THIRD SUPREME JUDICIAL DISTRICT
## COURT OF APPEALS AT AUSTIN, TEXAS

WILLIAM EVERETTE RAZOR    §
                                 §

**v.**                                    §
                                 §

**THE STATE OF TEXAS**      §

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Gary Prust, counsel of record for Appellant, William Everette Razor, do hereby verify in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a pro se response identifying what he believs to be the meritorious grounds to be raised in his appeal, should he so desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, before filing that response;

4. explained the process for obtaining the appellat record and provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address of this Court; and

5. informed appellant of his righ tto seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

/s/ Gary Prust

Gary E. Prust
SBN 24056166
1607 Nueces St.
Austin, Texas 78701
(512)469-0092
Fax (512)469-9102
gary@prustlaw.com
Attorney for William Everette Razor

## CERTIFICATE OF SERVICE

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Motion was served upon Bob Odom via electronic service with efile.texas.gov on this the 20th day of January, 2015.

/s/ Gary Prust

Gary E. Prust

**CAUSE NO.  03-14-00379-CR**

| | | |
|---|---|---|
| **WILLIAM EVERETTE RAZOR** | **§** | **IN THE COURT OF APPEALS** |
| | **§** | |
| **v.** | **§** | **3RD SUPREME JUDICIAL** |
| | **§** | |
| **THE STATE OF TEXAS** | **§** | **DISTRICT AT AUSTIN** |

## MOTION FOR PRO SE ACCESS TO APPELLATE RECORD

This Motion for Pro Se Access to the Appellate Record is brought forth by William Everette Razor. Counsel for Appellant has filed an *Anders* brief stating there are no frivolous issues to argue on appeal and has filed an accompanying Motion to Withdraw. In support thereof, Appellant respectfully shows:

### I.

An *Anders* brief has been filed in this matter. I still wish to pursue an appeal on the matter.

### II.

I request a copy of the entire Appellate Record in order to pursue my appeal on my own.

WHEREFORE, PREMISES CONSIDERED, Appellate prays that the Court enter an Order granting Appellant access to the appellate record in Cause No. 03-14-00379-CR, for Appellant, William Everette Razor.

Respectfully submitted,


William Everette Razor
Pro Se
TDCJ #01884586 Bartlett
State Jail 1018 Arnold Dr.
Bartlett, TX 76511


<u>CERTIFICATE OF SERVICE</u>

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Motion was served upon the Bell County District Attorney via US Mail to PO Box 540, Belton, Texas 76513.


William Everette Razor